**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tamara Demia Jones,<br><br>    Plaintiff,<br><br>vs.<br><br>Nancy A. Berryhill, Commissioner of the Social Security Administration,<br><br>    Defendant. | CIV 15-2528-PHX-MHB<br><br>**ORDER** |

Pending before the Court is Plaintiff Tamara Demia Jones' motion for attorney's fees under the Equal Access to Justice Act ("EAJA") (Doc. 19). After reviewing the arguments of the parties, the Court now issues the following ruling.

Plaintiff filed applications for disability insurance benefits and supplemental security income alleging disability beginning January 1, 2007. Her applications were denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge. A hearing was held on June 16, 2014, and the ALJ issued a decision finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff then sought judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

This Court, after reviewing the administrative record and the arguments of the parties, vacated the Commissioner's decision and remanded this matter to the Commissioner for further administrative proceedings. (Doc. 17.) Specifically, the Court found that although "the ALJ properly weighed the medical source opinion evidence related to Plaintiff's

physical impairments, and gave specific and legitimate reasons, based on substantial evidence in the record, for discounting Dr. Sayegh's opinion," the Court determined that the ALJ erred in her mental residual functional capacity assessment. Specifically, the Court concluded that the ALJ failed to provide specific, legitimate reasons based on substantial evidence in the record for giving reduced weight to Dr. Potter's opinion. The Court stated:

> the ALJ did not mention the opinions or treatment record of psychological consultants Alvin Smith, Ph. D., and Stephen Fair, Ph. D. (Tr. at 20-39.) Dr. Potter is the only source in the record whose opinion the ALJ discussed or weighed. The ALJ did not discuss or indicate what degree of weight she afforded to the opinions of Dr. Smith (Tr. at 84-85), and Dr. Fair (Tr. at 104-05). Even if the non-examining opinions support the ALJ's decision, the ALJ has not provided any explanation whether the evidence supports those opinions sufficiently for the ALJ to properly rely on them. See Garrison v. Colvin, 795 F.3d 995, 1012 (9th Cir. 2014) (noting differences in treatment of opinions from different sources and indicating that "the opinion of an examining physician is entitled to greater weight than that of a non-examining physician"); Bain v. Astrue, 319 Fed.Appx. 543, 546 (9th Cir. 2009)("Evidence from state agency consultant physicians must be treated as 'expert opinion evidence;' thus, the ALJ 'may not ignore these opinions and must explain the weight given to these opinions in their decisions'") (quoting SSR 96-6p). Additionally, the justification for the rejection that was given by the ALJ was not supported by substantial evidence. Instead, the ALJ gave reduced weight because it was inconsistent with Plaintiff's poor effort during the examination as well as Plaintiff's general lack of mental health treatment and unremarkable mental status examinations during routine office visits. (Tr. at 33.) The focus on Plaintiff's poor effort during the examination ignored evidence to the contrary. An ALJ is not permitted to rely on evidence supporting her conclusions while ignoring evidence contrary to those conclusions. See Maydanis v. Colvin, 119 F.Supp.3d 969, 976 (D. Ariz. 2015); Provencio v. Astrue, 2012 U.S. Dist. LEXIS 85294, at *48 (D. Ariz., June 20, 2012) (finding "[i]t was improper for the ALJ to selectively reference plaintiff's treatment records to support her conclusion, while ignoring other treatment records contradicting that conclusion"). Moreover, the lack of formal mental health treatment cannot serve as evidence that mental health issues are not disabling. See Rivera v. Colvin, 2013 U.S. Dist. LEXIS 161035, *9-10 (D. Or., Nov. 12, 2013).

The EAJA allows "a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits are ultimately awarded. See Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993).

The "position of the United States" includes both its litigating position and the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). For this position to be substantially justified, it must be "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (holding that substantially justified means having a reasonable basis both in law and fact). In EAJA actions, the government bears the burden of proving that its position was substantially justified. See Gonzales v. Free Speech Coalition, 408 F.3d 613, 618 (9th Cir. 2005). However, "the government's failure to prevail does not raise a presumption that its position was not substantially justified." Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988).

When analyzing the government's position for substantial justification, the Court's inquiry should be focused on the issue that was the basis for remand and not the merits of Plaintiff's claim in its entirety or the ultimate disability determination. See Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 2008); see also Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998) ("The government's position must be substantially justified at each stage of the proceedings.").

Plaintiff moves for an award of attorney's fees and costs under the EAJA in the amount of $5,064.43. Defendant opposes Plaintiff's request, arguing that the government's position was substantially justified. It is undisputed that Plaintiff is the prevailing party. Therefore, the issue before the Court is whether Defendant's position in opposing Plaintiff's appeal was "substantially justified." Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008). Having reviewed the parties' pleading and the record in this matter, the Court concludes that Defendant's decision to defend the ALJ's determination was not substantially justified.

In its response, Defendant argues that the Commissioner was substantially justified in defending the ALJ's rationale that Plaintiff's poor effort undermined Dr. Potter's opinion. Defendant states that there was a reasonable basis in fact because "there is no dispute that Dr. Potter specifically found (1) Jones exhibited 'low to moderate' effort on testing, ... and (2)

'[b]ased on [Jones's] varied level of effort and motivation, the results should be viewed with caution,' ...."

As stated previously, however, one of the reasons for remand was that the ALJ failed to consider all of the evidence – instead focusing merely on Plaintiff's "poor effort" during examination. The Court specifically stated:

> Additionally, the justification for the rejection that was given by the ALJ was not supported by substantial evidence. ... The focus on Plaintiff's poor effort during the examination ignored evidence to the contrary. An ALJ is not permitted to rely on evidence supporting her conclusions while ignoring evidence contrary to those conclusions. See Maydanis v. Colvin, 119 F.Supp.3d 969, 976 (D. Ariz. 2015); Provencio v. Astrue, 2012 U.S. Dist. LEXIS 85294, at *48 (D. Ariz., June 20, 2012) (finding "[i]t was improper for the ALJ to selectively reference plaintiff's treatment records to support her conclusion, while ignoring other treatment records contradicting that conclusion").

Indeed, it was improper for the ALJ to selectively reference evidence supporting her conclusions, while ignoring other records contradicting that conclusion. See Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984) (stating that it is error for an ALJ to ignore or misstate the competent evidence in the record in order to justify her conclusion); Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975) (stating that an ALJ is not permitted to reach a conclusion "simply by isolating a specific quantum of supporting evidence"); Whitney v. Schweiker, 695 F.2d 784, 788 (7th Cir. 1982) ("[A]n ALJ must weigh all the evidence and may not ignore evidence that suggests an opposite conclusion.") (citation omitted).

Defendant also argues that the Commissioner was substantially justified in defending the ALJ's rationale that Plaintiff's lack of treatment undermined Dr. Potter's opinion. Defendant states that an ALJ may reasonably rely on a lack of treatment in a mental health case.

In her decision, the ALJ gave another reason for remand stating, "[m]oreover, the lack of formal mental health treatment cannot serve as evidence that mental health issues are not disabling. See Rivera v. Colvin, 2013 U.S. Dist. LEXIS 161035, *9-10 (D. Or., Nov. 12, 2013)."

1    Although it is sometimes "reasonable for [an Administrative Law Judge ("ALJ") ] to conclude that the level or frequency of treatment [is] inconsistent with the level of complaints," Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir. 2012) (internal quotation marks omitted), "an adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007) (internal quotation marks omitted). Here, there is no indication the ALJ sought to consider any explanation. Thus, lack of treatment is not a legitimate basis to reject a medical opinion or a claimant's allegations. See Nguyen v. Chater, 100 F.3d 4162, 1465 (9th Cir. 1996) (holding that it is "questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation"); Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) (holding that the ALJ must rely on evidence, such as an unexplained, or inadequately explained, failure to seek treatment, to reject a claimant's allegations).

The Court finds that the law in these areas is well-settled and leaves little room for dispute as the Ninth Circuit has consistently found that when an ALJ commits fundamental procedural errors, the defense of these errors lacks substantial justification. See, e.g., Roe v. Comm'r of Soc. Sec., 651 Fed.Appx. 583, 585 (9th Cir. 2016); Corbin, 149 F.3d at 1053 (finding that the government's "defense of basic and fundamental errors" is "difficult to justify"); Shafer, 518 F.3d at 1072 (recognizing that an ALJ may commit a fundamental procedural error by rejecting a treating physician's opinion in favor of a non-treating physician's opinion without providing convincing reasons). Therefore, the government's defense of the ALJ's errors was not substantially justified, and Plaintiff is entitled to attorney's fees under the EAJA.

Plaintiff's counsel, Howard D. Olinsky, has filed an itemized statement of fees and costs on this case. Having reviewed the statement of fees and costs, and having considered

the relevant fee award factors, see Hensley v. Eckerhart, 461 U.S. 424, 429-30 & n.3 (1983), the Court finds that the amount of the requested fee award is reasonable.

Accordingly,

**IT IS ORDERED** that Plaintiff Tamara Demia Jones's motion for attorney's fees under the Equal Access to Justice Act (Doc. 19) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff is awarded $5,064.43 pursuant to the Equal Access to Justice Act;

**IT IS FURTHER ORDERED** that, pursuant to the assignment of fees in Plaintiff's fee agreement, the government shall pay the fee award, subject to offset any pre-existing debt that Plaintiff owes the United States, payable to Plaintiff, care of counsel's office: Howard D. Olinsky, 300 South State Street, Suite 420, Syracuse, NY 13202.

DATED this 18th day of September, 2017.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge